**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DAVID McMACKINS**                                                                                  **PLAINTIFF**

**V.**                    **CASE NO. 4:19-CV-775-BRW-BD**

**ANDREW SAUL, Commissioner,**
**Social Security Administration**                                                              **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to Judge Billy Roy Wilson. Either party may file objections if they disagree with the findings or conclusions set out in this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days. If parties do not file objections, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I.    Procedural Background:**

On January 30, 2020, the Commissioner filed a motion to dismiss Mr. McMackins's social security appeal under Federal Rule of Civil Procedure 12(b)(1), (2), and (6), arguing that McMackins's appeal is untimely. (Doc. No. 5) In support of the motion, the Commissioner attached the declaration of Dexter Potts, Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations of the Social Security Administration. (Doc. No. 6-1) By order dated April 16, 2020, the Court

converted the Commissioner's motion to dismiss to a motion for summary judgment, because the Commissioner relied on materials outside the pleadings. (Doc. No. 10)

Under Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas, the Commissioner submitted a statement of facts to support the motion for summary judgment. (Doc. No. 11) Mr. McMackins responded to the converted motion (Doc. No. 12) and to the statement of facts. (Doc. No. 13)

## II.     **Factual Background:**

On April 2, 2018, this Court remanded Plaintiff David McMackins's case appealing the decision of the Commissioner denying his applications for disability under Title II of the Social Security Act. After the remand, an Administrative Law Judge (ALJ) held a hearing and, in a decision dated December 13, 2018, again denied Mr. McMackins's claim for benefits. (Doc. Nos. 6-1 at pp.3, 6-19; 11 at p.1; 13 at p.1) In the cover letter sending Mr. McMackins and his counsel a copy of the decision, the Commissioner noted that written exceptions were due within 30 days of receipt of the notice and that the Appeals Council would assume receipt of the notice within five days. (Doc. No. 6-1 at 6)

Mr. McMackins filed untimely exceptions with the Appeals Council on February 8 and 12, 2019. (Doc. Nos. 11 at p.1, 13 at pp.1-2) On March 19, 2019, the Appeals Council sent a letter to Mr. McMackins and his counsel requesting proof, within 30 days of the date of the letter, that the exceptions were timely filed, assuming that Mr. McMackins had received the letter within five days. (Doc. Nos. 6-1 at pp.29-30, 11 at p.1, 13 at p.2)

On May 30, 2019, the Appeals Council notified Mr. McMackins that it had not received proof of timely exceptions or a request for more time to respond. (Doc. Nos. 6-1 at pp.32-33, 11 at p.2, 13 at p.3) The Appeals Council also stated in the letter that the ALJ's decision was the Commissioner's final decision after remand by the Court. (Doc. Nos. 11 at p.2, 13 at p.3) The letter did not include any information about appealing the Appeals Council's decision to the District Court. (Doc. Nos. 13-1 at p.2, 13-2 at p.2)

On June 12, 2019, Mr. McMackins's counsel electronically filed a "good cause" request with the Appeals Council. (Doc. Nos. 6-1 at p.35, 13-1 at p.2, 13-2 at p.2) On October 3, 2019, Mr. McMackins's counsel faxed a formal request to the Appeals Council seeking a formal written denial of the good cause request. (Doc. No. 13-1 at p.3) Mr. McMackins filed an appeal of the denial of benefits with this Court on November 1, 2019. (Doc. Nos. 2, 11 at p.2, 13 at p.3)

### III.  Discussion

Under the Social Security regulations, "[w]hen a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision." 20 C.F.R. § 404.983. If a claimant disagrees with the ALJ's new decision after remand, he may file exceptions with the Appeals Council. The regulations describe the process as follows:

> Exceptions may be filed by submitting a written statement to the Appeals Council setting forth your reasons for disagreeing with the decision of the administrative law judge. The exceptions must be filed within 30 days of the

3

>date you receive the decision of the administrative law judge or an extension of time in which to submit exceptions must be requested in writing within the 30–day period. A timely request for a 30–day extension will be granted by the Appeals Council.

20 C.F.R. § 404.984(b)(1).

If a claimant does not file written exceptions, then "[a]ny time within 60 days after the date of the decision of the administrative law judge, the Appeals Council may decide to assume jurisdiction of your case." 20 C.F.R. § 404.984(c). But if the claimant does not file exceptions and the Appeals Council does not assume jurisdiction *sua sponte*, the ALJ's decision becomes the Commissioner's final decision, which triggers a sixty-day deadline to file an appeal. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 404.984(d).

Here, because Mr. McMackins filed untimely exceptions to the ALJ's December 13, 2018 decision and the Appeals Council did not assume jurisdiction, the ALJ's decision became the final decision of the Commissioner on the 61st day after the decision, *i.e.*, February 12, 2019. (Doc. No. 6-1 at 7) See 20 C.F.R. § 404.984(b)-(d). As stated in the Commissioner's "Notice of Decision – Unfavorable" letter, Mr. McMackins had 60 days, or until April 15, 2019, to file a civil action in this Court appealing the Commissioner's denial of benefits on remand. (Doc. No. 6-1 at 7) 42 U.S.C. § 405(g). Mr. McMackins filed his complaint on November 1, 2019. (Doc. No. 2)

The 60-day time period in the statute is not jurisdictional, but it is a statute of limitations. *Bowen v. City of New York*, 476 U.S. 478 (1986) (citing *Matthews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)). The limitations period is subject to equitable tolling where the equities in favor of tolling

are so great that deference to the agency is inappropriate. *Bowen*, 476 U.S. at 467 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

Generally, a party seeking equitable tolling bears the burden of establishing that he has diligently pursued his rights and that "conduct (by someone other than the claimant) that is misleading or fraudulent" stood in his way. *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) (*per curiam*) (citation omitted). "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." *Id*. (quoting *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988)).

Here, Mr. McMackins asserts that, in a telephone call on July 11, 2019, an Appeals Council employee told his counsel's legal assistant, Tina Bever, that it had reopened Mr. McMackins's case and his "good cause" was being reviewed. (Doc. No. 13-2 at p.3) On August 21, 2019, however, a legal assistant to Mr. McMackins's counsel received a voice mail stating that the Branch Chief had issued an internal response stating that there was no good cause for exceptions under the regulations. (Doc. Nos. 6-1 at p.37, 13-2 at p.3)

There is no evidence that the Appeals Council took any action to mislead Mr. McMackins or his counsel. Even if an employee had incorrectly stated that the case had been "reopened," telephone responses from the Appeals Council, both before and after that July conversation, confirmed that the case was closed. (Doc. No. 13-2 at pp.2-3)

The Appeals Council never indicated to Mr. McMackins or his counsel that it had extended the deadline for filing an appeal with the Court. Moreover, after receiving word

on August 21, 2019 that the Appeals Council had not found good cause for an exception, Mr. McMackins waited another 72 days to file an appeal of the Commissioner's decision. Under these circumstances, the Court cannot find that Mr. McMackins acted diligently to pursue his rights for equitable tolling to apply.

### III. Conclusion:

The Court recommends that the Commissioner's motion for summary judgment (Doc. No. 5) be granted and that David McMackins's appeal of the Commissioner's denial of benefits (Doc. No. 2) be DENIED as untimely.

DATED this 19th day of May, 2020.

_____
UNITED STATES MAGISTRATE JUDGE